NEW-YORK, Feb. 1823.

The People vs. Neil A. M'Kinnon. *Assault and Battery.*

The People vs. N. A. M'Kinnon.

On a prosecution for an assault and battery, if the circumstances demand it, the court will, after verdict increase the bail set by the committing magistrate.

NEIL A. M'KINNON was charged with committing a violent assault and battery in the following words:

" City and County of New York, ss.* The jurors of the
" People of the State of New York, in and for the Body
" of the City and County of New York, upon their oath
" present: that Neil A. M'Kinnon, late of the first Ward
" of the City of New York, in the County of New York,
" aforesaid laborer, on the twelfth day of November, in
" the year of our Lord one thousand eight hundred and
" twenty-two, at the sixth Ward of the City of New York,
" in the County of New York aforesaid, in and upon the
" body of Mary Ann Davis, in the peace of God, and of
" the said People, then and there being, with force and
" arms, did make an assault, and her the said Mary did
" then and there beat, wound, and ill-treat, and other
" wrongs and injuries to the said Mary then and there did
" to the great damage of the said Mary, to the evil exam-
" ple of all others in the like case offending, and against
" the peace of the People of the State of New York and
" their dignity..

" And the jurors aforesaid, upon their oath aforesaid,
" do further present: that the said Neil afterwards, to wit:
" on the same day and year aforesaid, at the City and
" County of New York aforesaid, and at the Ward afore-
" said, in and upon the body of the said Mary; in the
" peace of God, and of the said people, then and there
" being, with force and arms, did make another assault,
" and her the said Mary then and there unlawfully and
" injuriously, against the will, and without the consent of
" the said Mary, and also against the laws of this State;
" without any legal warrant, authority, or justifiable case

*An approved precedent, carefully copied from the printers forms on file in the Clerk's office.

"whatsoever, and imprison and detain for a long time, to NEW-YORK, "wit: for the space of four hours then next following, Feb. 1823. "and other wrongs and injuries to the said Mary then The People "and there did to the great damage of the said Mary, *vs.* "to the evil example of all others in the like case offend- N. A. M'Kin- "ing, and against the peace of the People of the State of non. "New York and their dignity.

"And the jurors aforesaid, upon their oath aforesaid, "do further present: that the said Neil afterwards, to wit: "on the same day and year aforesaid, at the City and "County of New York aforesaid, and at the Ward afore- "said, in and upon the body of the said Mary, in the "peace of God, and of the said People, then and there "being, with force and arms, did make another assault, "and the said Mary did then and there beat, bruise, wound, "and ill-treat, so that her life was greatly dispaired of; "and that the said Neil, with both his hands, then and "there did violently cast, fling, and throw the said Mary "to, upon, and against the ground, and her the said Mary, "in and upon the head, neck, breast, back, sides, and "other parts of the body, with both the feet of him, the "said Neil, then and there violently and grieveously did "kick, strike, and beat, giving to the said Mary then and "there, as well, by such flinging, casting, and throwing of "the said Mary, as also by such kicking, striking, and "beating of the said Mary, as aforesaid, in and upon the "head, neck, breast, sides, back, and other parts of the "body of her the said Mary, divers bruises, hurts and "wounds, and other wrongs and injuries to the said Mary "then and there did, to the great damage of the said Ma- "ry, to the evil example of all others in the like case of- "fending, and against the peace of the People of the State "of New York, and their dignity."

NEW-YORK,
Feb. 1823.

The People
vs.
N. A. M'Kinnon.

The facts proved upon the trial appeared as follows : On the day mentioned in the indictment, the defendant came to the house of No. 13 Chamber-street, occupied by Mr. Davis, and asked for the "lady of the house." Mrs. Davis came to the door and demanded what he wanted. He repeated he wanted to see the "lady of the house." She told him that she was the lady of the house, and that no other lady was in the house. He took hold of her in a very impertinent and improper manner. She called her husband, who was in the house, and upon his coming to the door, the defendant commenced abusing them by immodest and indecent language, and intimated that the house was a house of ill-fame, and that he had had an improper meeting with Mrs. Davis, and finally struck Mr. Davis with a walking stick he had in his hand ; Mrs. Davis running in between them, he struck her on the side of her head and knocked her down ; she was taken up in a state of insensibility.

Process was issued against M'Kinnon, upon which he was arrested, and bailed for his appearance to answer the charge in the sum of $100.

It also appeared in evidence, that the cases were to have been heard at a former session of this court, but that an amicable settlement was on foot ; and to effect it, a meeting was to have taken place at a Tavern in the Bowery. Mr. Davis attended for that purpose, but M'Kinnon, taking advantage of Mr. Davis's absence, managed to have one of the cases brought to trial during his absence, and no prosecutor appearing, M'Kinnon was acquitted.

The other indictment could not be found.

Upon these facts being show to the court, they instantly awarded a new trial.

The jury found M'Kinnon guilty, without leaving the box.

*Maxwell, District Attorney,* rose and moved the Court that the bail entered by the defendant to answer, &c., be increased.

NEW-YORK, Feb. 1823.

The People vs. N. A. M'Kinnon.

*Price* observed that he would consider himself as wanting in duty to his client if he forebore to express his sentiments. He observed that he had seldom witnessed a more violent outrage than the one now before the court. It was unprovoked on the part of Mr. Davis and his wife. The consequences had been ruinous to the family. The vile and false aspersions cast upon the character of Mrs. Davis by the defendant, had operated upon the mind of the husband to such a degree as to induce a temporary separation. The outrage was committed at the house of Mr. Davis, and no real or pretended cause assigned for it ; and hoped the court would put the defendant under such amount of bail as would insure his attendance to abide the judgment of the court.

*Phoenix* replied that the case had been called on in his absence, during an engagement in the marine court : that important witnesses for the defendant had not been heard : that the defendant would exhibit to the court affidavits that would give a different complexion to the whole case, and would show it nothing more than a common assault and battery.

The court observed it was a matter of discretion with them to increase the bail or not, and that they would not do it on slight grounds, but that by the evidence before them, the defendant appeared to have conducted himself in the most violent (not to say indecent) manner; that he had yet furnished no excuse, or even palliation, and that the court considered it their duty to increase the amount of bail, and intimated to the counsel for the defendant, the necessity of exhibiting to the court affidavits in mitigation of the punishment. The court ordered the defendant to

NEW-YORK,
Feb. 1823.

be recognized in the sum of $500, and two other sureties in the sum of $250 each, and that he stand committed until the order of the court be complied with.